101 F.3d 715
 41 U.S.P.Q.2d 1703
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Donald R. MILLIGAN.
 No. 96-1419.
 United States Court of Appeals, Federal Circuit.
 Nov. 13, 1996.
 
 Before MICHEL, PLAGER, and BRYSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Donald R. Milligan ("Milligan") appeals from the March 29, 1996 decision of the Board of Patent Appeals and Interferences ("the Board") denying Miligan's request for reconsideration of the February 22, 1996 decision of the Board and reaffirming the original decision upholding the examiner's final rejections of all of the pending claims; namely, 14 to 16 and 18 to 21. All the pending claims of the application were rejected under 35 U.S.C. § 101 for lack of evidence related to the claimed utility, under the first paragraph of 35 U.S.C. § 112 for lack of an enabling disclosure, and under the second paragraph of 35 U.S.C. § 112 as being indefinite. Claim 14 was also rejected under 35 U.S.C. § 102 as being anticipated by the Lange reference. We affirm.
 
 
 2
 Claim 14, the sole independent claim of Milligan's application, reads as follows:
 
 
 3
 These formulas of lactic acid in composition with water relieves [sic] symptoms of joint or muscle pain, the causation of arthritis, or wrenched joints, almost immediately and induces tissue repair to remove these symptoms.
 
 
 4
 The asserted utility of Milligan's claimed inventions--a cure for both the symptoms and the cause of arthritis--is incredible on its face, and he has utterly failed to prove that the mere act of placing a solution of lactic acid and water on one's skin will have any of the claimed beneficial effects. Milligan points only to two "affidavits" consisting of pages taken from several of his journals which recite his various ailments and his attempts to cure those ailments. These affidavits were not submitted to the Patent and Trademark Office until Milligan filed his request for reconsideration with the Board; as Milligan failed to show good cause for the delay, they were properly not considered by the Board. 37 C.F.R. § 1.195. Moreover, even if the affidavits had been considered timely, they contain only Milligan's self-serving and entirely subjective comments that he stopped experiencing pain after rubbing sauerkraut juice or a lactic acid solution over his body; they do not contain any mention of relieving "the causation of arthritis, or wrenched joints, almost immediately and induc[ing] tissue repair ...." (emphasis added); nor do they contain the results of any scientifically conducted survey.
 
 
 5
 Thus, as we conclude as a matter of law that those of reasonable skill in the art would not find Milligan's contentions of utility credible, we must affirm that ground of rejection. In light of the lack of utility of Milligan's claimed invention, we need not reach the other grounds of rejection.